IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H 01-472 |
| | § | |
| FREDDIE EVANS | § | |
| (Civil Action No. H-04-2416) | § | |

**MEMORANDUM AND OPINION**

In this motion under 28 U.S.C. § 2255, Freddie Evans asserts that the evidence against him at trial was insufficient to support his conviction for conspiracy to possess one kilogram or more of heroin with the intent to distribute and for possession of one kilogram or more of heroin with the intent to distribute. He also argues that his lawyer provided ineffective assistance in several respects. The government has responded to his motion and moved for summary judgment. Based on the pleadings; the parties' submissions; the record; and the applicable law, this court GRANTS the government's motion for summary judgment and, by separate order, enters final judgment in this case. The reasons are set out below.

**I.     Background**

A jury convicted Evans of conspiracy to possess in excess of one kilogram of heroin with the intent to distribute it, and possession of in excess of one kilogram of heroin with the intent to distribute it. The conviction resulted from the interception of an international shipment of heroin carried by a woman named Lurette Linda Cronje, who traveled under the name of Geraldine Benson. After her arrest, Cronje agreed to cooperate with law

enforcement and deliver the heroin as intended, in a controlled buy. Evans and a codefendant, Nicholas Nnaji, were arrested after a series of contacts Cronje made, following instructions provided her from a source in Kenya. Evans and Nnaji came to a motel where Cronje was waiting to retrieve a bag containing over 1.2 kilograms of heroin. Both Evans and Nnaji had papers with names and telephone numbers that corresponded to the contact information Cronje carried. After a mistrial, a second trial resulted in convictions for all defendants under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. This court sentenced Evans to a prison term of 151 months. Evans filed a direct appeal, challenging the decision of the district judge to dismiss a juror during deliberations. The Fifth Circuit affirmed, finding ample support in the record for the judge's finding that the excused juror had not participated in jury deliberations, providing cause for removal under Rule 23 of the Federal Rules of Criminal Procedure. Evans timely filed this motion under section 2255.

**II.   Analysis**

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior

to sentencing." *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (*quoting United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 112 S. Ct. 978 (1992). A movant is barred from raising claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *Id.* at 232 (citations omitted). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n.7, *quoted in United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 113 S. Ct. 621 (1992).

Evans challenges the sufficiency of the evidence to support his conviction. At trial, the government presented evidence of the heroin interdiction and the controlled buy that followed, including the surveillance over Evans and Nnaji. In considering whether there was sufficient evidence, the evidence is reviewed "to determine whether a rational trier of fact, after considering all the evidence and reasonable inferences drawn therefrom in a light most favorable to the verdict, could have found the defendant guilty beyond a reasonable doubt." *United States v. Cornett,* 195 F.3d 776, 781-82 (5th Cir. 1999) (citing *United States v.*

*Walker*, 148 F.3d 518, 523 (1998)). The crime of possession of heroin with intent to distribute requires that the government establish beyond a reasonable doubt that: (1) defendant knowingly possessed the illegal drug; and (2) defendant possessed the drug with the specific intent to distribute it. *United States v. Garcia,* 182 F.3d 1165, 1174 (10th Cir. 1999). To establish a drug conspiracy under 21 U.S.C. § 846, the government had to prove that an agreement existed between two or more persons to violate the narcotics laws, that each alleged conspirator knew of and intended to join the conspiracy, and that each one voluntarily participated. *United States v. Inocencio*, 40 F.3d 716, 725 (5th Cir. 1994). A conspiratorial agreement may be tacit and may be proved by circumstantial evidence, including evidence of concerted action among coconspirators. *Id.* Although mere presence at the scene of the crime is not sufficient by itself to authorize a conviction, the jury may consider that fact together with other evidence of guilt in reaching its verdict. *United States v. Parrish,* 736 F.2d 152, 157 (5th Cir. 1984). The testimony of the law enforcement officers regarding their observations and undercover transactions, as well as the recordings, and the evidence found on Evans's person, provided ample evidence of his involvement in participating in the heroin purchase. "A jury may find knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present." *United States v. Gallardo-Trapero,* 185 F.3d 307, 322 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 961 (2000) (internal citations and quotations omitted).

Evans also contends that his counsel was deficient in several respects. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668 (1984); *Martin v. Cain,* 246 F.3d 471, 477 (5th Cir. 2001). The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating a claim of ineffective assistance need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)). As to the prejudice portion of the inquiry, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 691.

The complaints Evans raises as to his trial and appellate counsels' performance do not show either deficient performance or prejudice. There was ample evidence to support the conclusion that Evans had conspired to possess heroin with the intent to distribute it. Evans's arguments for ineffective assistance of counsel fail. Finally, Evans's challenge to the decision to remove the nondeliberating juror was raised and rejected on appeal, and cannot form a basis for habeas relief.

This court grants the government's motion for summary judgment, dismisses the motion to vacate, and, by separate order, enters final judgment.

SIGNED on August 12, 2005, at Houston, Texas.

                                    Lee H. Rosenthal
                                    United States District Judge